UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00026-GNS-HBB

**MAKAYLA ANN PEDIGO**                                                     **PLAINTIFF**

**VS.**

**INSTANT BRANDS, INC. et al**                                        **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion for an extension of the expert discovery deadline (DN 20). Plaintiff has responded in opposition (DN 21), and Defendants have replied (DN 23).

### NATURE OF THE CASE

This is a product liability action (DN 1-1 PageID 12-14). Plaintiff alleges that Defendants are entities responsible for the design and manufacture of an electric pressure cooker sold under the "Instant Pot" brand (Id. at PageID 12). She claims that she sustained physical injury when she removed the lid while the cooking vessel was still pressurized, and her ability to do so was the result of a product defect (Id. at PageID 10).

### DEFENDANTS' MOTION

The scheduling order established a deadline for completion of pretrial fact discovery by October 30, 2020, Defendants' disclosure of experts by February 26, 2021, and discovery depositions of all expert witnesses by April 30, 2021 (DN 10 PageID 54-55). On February 24, 2021, Defendants filed the subject motion asking that the deadline for their expert witness disclosure be extended by an unspecified amount of time and that the Court schedule a conference to re-set the deadline (DN 20).

In support of their motion, Defendants stated that they had retained experts in Columbus, Ohio "and elsewhere" (Id. at PageID 95). Defendants indicated that the experts require an opportunity to physically inspect the pressure cooker (Id.). The product is currently located in Colorado, and Defendants state that Plaintiff had requested that the product be examined there (Id.). Defendants explain that COVID-19 has imposed significant restriction on travel and that Defendants' law firm "still has a travel ban in place for any legal matters as most discovery has moved to Zoom or remote video conferencing" (Id.). Defendants note that the inspection cannot be performed remotely (Id.).

## PLAINTIFF'S RESPONSE

Plaintiff opposes Defendants' request for an extension of the deadline (DN 21 PageID 98). Her opposition is founded in the contention that Defendants have not been diligent in attempting to meet the scheduling order's deadline, and they have not demonstrated good cause for amendment (Id. at PageID 100-02). In support of her opposition, Plaintiff lays out the following timeline of events and communications:

October 30, 2020 – Deadline for pretrial fact discovery.

December 4, 2020 – Plaintiff's disclosure of expert opinions.

February 9, 2021 – Defendants requested the product be mailed for expert examination.

February 10, 2021 – Plaintiff requested information about the nature of the examination.

February 15, 2021 – Defendants provided a draft protocol.

February 16, 2021 – Plaintiff proposed inspection at her expert's facility in Colorado.

February 18, 2021 – Defendants agreed to inspection in Colorado and requested dates.

February 19, 2021 – Plaintiff provided February 25, 2021 as proposed date.

(Sometime between these dates) – Defendants advise their experts are unavailable and requested dates in March.

2

> February 22, 2021 – Plaintiff advised that she did not agree to a post-Defendant expert disclosure deadline inspection.
>
> February 24, 2021 – Defendants file the subject motion.

(Id. at PageID 98-100). Plaintiff explains the significance of the timeline as follows:

> It was not until February 9, 2021, less than three weeks prior to Defendants' expert disclosure deadline, more than three months after the close of fact discovery, and nearly ten weeks after receiving Plaintiff's Expert Disclosure (which included a written report and link to videos indicating Plaintiff's liability expert inspected the subject unit and tested an exemplar), that the Defendants contacted Plaintiff about a possible inspection.

(Id. at PageID 98).

Plaintiff notes that the sole reason Defendants proffer for the timing of the request for inspection and the necessity of an extension of the deadline is the COVID-19 pandemic and the impediment it has created for travel (Id. at PageID 101). This does not explain, Plaintiff contends, why counsel and experts can travel in March but could not travel during the preceding 84 days between their own expert disclosure and Defendants' deadline (Id.).

## DEFENDANTS' REPLY

The Defendants reiterate their observations regarding the impact the pandemic has had on litigation and travel (DN 23). They note that travel restrictions were implemented globally, and many states mandated extensive quarantine requirements for citizens engaged in interstate travel, even by automobile (Id.). Defendants' counsel notes that their law firm imposed its own ban on travel to maintain the safety of its staff (Id.). Defendants contend that an inspection of the product by remote technology means was not feasible and they had asked the Plaintiff to ship the product to them for an inspection, but Plaintiff declined and requested joint inspection in Colorado (Id.). Finally, Defendants note that there is no trial date, and Plaintiff will not be prejudiced by the extension (Id. at PageID 149).

DISCUSSION

Defendants' motion is for an extension of the deadlines to identify their expert witnesses and expert discovery, but it must also be construed as a motion to extend the deadline for pretrial fact discovery, which expired on October 30, 2020 (DN 10). This is because the Defendants do not only request more time to identify their experts. Implicit in their motion is a request for more time for their experts to conduct an inspection of the product (DN 20). Pretrial discovery deals with the discovery of facts which may be utilized by an expert in forming an opinion. The expert witness discovery deadline is the deadline for obtaining discovery *about* the expert's opinion. *See* Ruiz-Bueno v. Scott, No. 2:12-cv-0809, 2014 U.S. Dist. LEXIS 17919 at *6-16 (S.D. Ohio Feb. 12, 2014) (collecting cases) (Fact discovery involves information useful to the formulation of an expert's opinion, whereas expert discovery involves discovery about the expert's opinion); *see also* Shell Petroleum, Inc. v. United States, 46 Fed. Cl. 583, 584 (2000) ("The order differentiated between 'fact discovery' and 'expert discovery.' The purpose of this distinction was to allow the parties to investigate, completely, all 'facts' before the parties proceeded to expert discovery. During expert discovery, the parties would have an opportunity to learn about the experts' opinion, which the Court perceived as different from the facts in the case."). The scheduling order in this case similarly differentiated between fact and expert discovery and set sequential deadlines.

FED. R. CIV. P. 16(b)(4) states that a schedule "may be modified only for good cause and with the judge's consent." The Sixth Circuit has indicated "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (citation and internal quotations omitted). Stated differently, a party must show that despite their diligence, the deadline in the scheduling order could not have reasonably been met. Woodcock v. Kentucky

Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 U.S. Dist. LEXIS 87241, at *3-4 (W.D. Ky. July 6, 2016). "Another relevant consideration is possible prejudice to the party opposing the modification." Inge, 281 F.3d at 625 (citation omitted). However, the Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 479 (6th Cir. 2014). Thus, the movant who fails to show "good cause" will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order. Interstate Packaging Co. v. Century Indem. Co., 291 F.R.D. 139, 145 (M.D. Tenn. 2013).

Turning to the case at hand, the sole reason advanced by the Defendants as to their failure to perform the product inspection is the impediment to travel imposed by the COVID-19 pandemic (DN 20, 23). This impediment certainly is not to be understated. As the Defendants point out, travel by air was seriously restricted for many months (DN 20 ¶ 5). As Defendants also point out, even ground transportation was complicated by various state regulations dealing with travel and quarantine (DN 23 PageID 148). But Defendants have only painted with a broad brush and have not explained how these impediments made it impossible to accomplish the inspection in this case. They have not explained when they retained their experts and how, specifically, their experts were prevented from traveling to Colorado; they have not identified any particular travel or quarantine restrictions that applied to this case; they have not explained why their experts were unable to travel between April 16, 2020, and October 30, 2020, when the fact discovery deadline expired, or why they could not travel before the end of February 2021, but apparently are able to travel a few weeks later; and Defendants have not explained why they apparently did not raise the issue of where and how the product would be inspected until after the discovery deadline expired and

within a few weeks of the expert witness disclosure deadline. In sum, while the COVID-19 pandemic certainly could constitute good cause for failure to meet a case scheduling deadline, here generalizations do not establish the Defendants' diligence in attempting to meet the deadline.

## CONCLUSION

**WHEREFORE**, Defendants' motion for an extension of the expert witness identification and discovery deadlines (DN 20) is **DENIED**.

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

March 23, 2021

Copies:         Counsel of Record